# Metropolitan Life Insurance Company of New York, Plff. in Err., *v.* Reuben Jenkins, Admr.

An affidavit of defense to an action on a policy of life insurance, which sets up a defense resting upon the application referred to in the policy, but does not allege that such application was attached to the policy, is insufficient.

(Argued October 28, 1886.   Decided November 15, 1886.)

October Term, 1886, No. 90, before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.   Error to Common Pleas No. 2 Allegheny County to review a judgment for plaintiff for want of a sufficient affidavit of defense in an action of debt on two life insurance policies.   Affirmed.

This action was brought by Reuben Jenkins as administrator of the estate of Isaac Jenkins, deceased, on two life insurance policies with the defendant company, numbered 1,097,983 and 1,973,466.

The affidavit of claim stated that no copies of the applications were attached to the policies at any time prior to the death of the insured.

The affidavit of defense set forth a defense as follows:

"First. By the terms of the policies in suit, the representations and agreements in the printed and written applications for the policies are made part of the contract; and it is provided that if said representations be not true, or unless at the time of the delivery of the policies the proposed insured should be alive and in sound health. . . .   Deponent is informed and believes that in his answers to questions 18, 21, and 22, the applicant did not tell the truth; that in point of fact, the proposed insured had met with an accident resulting in strangulated inguinal hernia (which finally caused his death), prior to the date of answering said questions in both the applications, and that

NOTE.—For the necessity to attach the application to the policy, see note to Imperial F. Ins. Co. v. Dunham, 2 Sad. Rep. 109.

at the date of the delivery of both the policies sued on, the insured was not in sound health. This the deponent expects to be able to prove on the trial of the cause.

"Second. Deponent denies that the proofs of death were satisfactory to said company, and avers that the company refused to pay for the reasons set out above; and he demands the production at the trial of the proofs, and all other papers necessary to make out plaintiff's case."

A supplemental affidavit of defense alleged:

"First. That the plaintiff has not attached to his affidavit the applications referred to in the policies filed or copies thereof, which deponent is advised it is his duty, under the law, to furnish.

"Second. Deponent is advised that the plaintiff cannot maintain this action for the reason that policy No. 1,097,983 is made out for the benefit of John Thomas, and policy No. 1,973,466 for the benefit of Reuben Jenkins, and that said John Thomas and Reuben Jenkins are the persons designated in the policies as the ones to whom payment is to be made in case of satisfactory proof of the death of the assured and compliance with the conditions of the policies.

"Third. The policies in suit provide that the representations and agreements respecting the person assured, contained in the written and printed applications for said policies, are made part of the contract of insurance; and it is further provided that if the said representations be not true or if the insured should not be alive and in sound health at the time of the delivery of the policies, the policies shall thereupon become void.

"Deponent is informed and believes and expects to be able to prove, on the trial of the cause in court, that the representations made in said application in response to questions 18, 21, and 22, are not true; that the insured was ruptured at the time and had been prior to the date of the application."

Plaintiff entered a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense assigning as reasons: 1, said affidavit sets forth no legal, equitable, just, or sufficient defense; 2, it does not state specifically and at length the nature and character of the defense relied on; 3, it does not allege that the written applications for the policies (which are referred to in the affidavit of defense as being a part of the contract and which are set up as defeating the right of

recovery) were ever attached to either of said policies, nor that either of said policies contained any copy or copies thereof of any statements of the contents thereof in any manner or form whatsoever.

The court entered the following judgment:

"And now, March 30, 1886, on argument list, and plaintiff having modified his rule so as to ask for judgment for the amount insured in policy No. 1,097,983, the rule for judgment as to the amount claimed in said policy No. 1,097,983 is made absolute, with leave to plaintiff to proceed to trial on the other part of his claim."

The assignments of error specified the action of the court in entering such judgment and in not discharging the rule for judgment for want of sufficient affidavit of defense.

*W. K. Jennings* for plaintiff in error.

*Yost & Redman* for defendant in error.

PER CURIAM:

The affidavit of defense was clearly defective in that it did not allege that the applications, to which it referred, were attached to the policies.

The main defense would seem, from the affidavit, to rest on these applications, but, under the act of May 11, 1881,* they not being so attached could not be made available to defeat the plaintiff's action. What the effect may be of taking judgment for part of the claim must be left for consideration when the plaintiff seeks to obtain judgment for the balance of it.

The judgment is affirmed.

---

*NOTE.—The act is as follows: "All life and fire insurance policies upon the lives or property of persons within this commonwealth, whether issued by companies organized under the laws of this state, or by foreign companies doing business therein, which contain any reference to the application of the insured, or the constitution, by-laws, or other rules of the company, either as forming part of the policy or contract between the parties thereto or having any bearing on said contract, shall contain or have attached to said policies, correct copies of the application, as signed by the applicant, and the by-laws referred to; and unless so attached and accompanying the policy, no such application, constitution, or by-laws shall be received in evidence in any controversy between the parties to or interested in the said policy, nor shall such application or by-laws be considered a part of the policy or contract between such parties."